**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

**CASE NO. 24-mc-23311-GAYLES/GOODMAN**

ATAIN SPECIALTY
INSURANCE COMPANY,

     Plaintiff,

v.

PAY MY CLAIM, LLC,

     Defendant.

_____/

## REPORT AND RECOMMENDATIONS ON MOTION TO TRANSFER

Atain Specialty Insurance Company ("Atain" or "Plaintiff") filed a motion to transfer its Motion to Compel Non-Party Pay My Claim LLC's Compliance or Hold Party in Contempt ("Motion to Compel") to the United States District Court for the Eastern District of Louisiana ("Motion to Transfer"). [ECF Nos. 1; 7].

United States District Judge Darrin P. Gayles referred this matter to the Undersigned "for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters." [ECF No. 4].

For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **deny without prejudice** Plaintiff's motion to transfer this matter to the Eastern District of Louisiana.

## I.     Applicable Legal Standard

Federal Rule of Civil Procedure 45 requires that motions challenging subpoenas be filed in the district where compliance with the subpoena is required. Fed. R. Civ. P. 45(c), (d)(2)(B)(i), and (d)(3)(A); *The Dispatch Printing Co. v. Zuckerman*, No. 16–cv–80037, 2016 WL 335753, at *2 (S.D. Fla. Jan. 28, 2016). If consent to transfer has not been provided by the person subject to the subpoena, then this Court may otherwise transfer the current discovery dispute to the issuing court if it finds "exceptional circumstances" exist. Fed. R. Civ. P. 45(f).

Rule 45(f) does not clarify what may constitute "exceptional circumstances," but the Advisory Committee Notes to the 2013 amendments do indicate some general considerations:

> [t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena–related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f) (emphasis supplied).

Focusing on the Advisory Committee Notes, courts have identified at least two situations that may present exceptional circumstances warranting transfer: "(1) when the issuing court has already ruled on issues presented by the motion, and (2) when the same discovery issues are likely to arise in many districts." *See Zuckerman*, 2016 WL 335753 at *2 (citing *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)); W*oods ex rel.*

2

*U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 408 (N.D. Ala. 2014). Aside from these two circumstances, a district court "'should look to a variety of factors to determine if the judge from the issuing court is in a better position to rule on the motion due to her familiarity with the full scope of the issues involved as well as any implications the resolution of the motion will have on the underlying litigation.'" *Zuckerman*, 2016 WL 335753 at *2 (quoting *In re UBS Fin. Servs., Inc. of P.R. Sec. Litig.*, 113 F. Supp. 3d 286, 288 (D.D.C. 2015)).

The relevant factors include "the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Id.* at *2 (internal citations omitted); *Miller Constr. Equip. Sales, Inc. v. Clark Equip. Co.*, No. 1:15–CV–00007–HRH, 2016 WL 447717, at *5 (S.D. Ga. Feb. 3, 2016) (internal citations omitted).

Lastly, "the proponent of transfer bears the burden of showing that such [exceptional] circumstances are present." *Miller*, 2016 WL 447717 at *4 (emphasis added) (citing Fed. R. Civ. P. 45(f), Advisory Committee Notes (2013)); *Woods*, 303 F.R.D. at 407 ("The rule text and Advisory Committee's note make clear, however, that subpoena-related motions should be heard in the court where compliance is required, unless the proponent of transfer demonstrates that exceptional circumstances exist.").

## II.    Analysis

Plaintiff asserts that "the U.S. District Court for the Eastern District of Louisiana is particularly well situated to address the issues raised by [the] motion to compel or to hold [Pay My Claim, LLC ("Defendant")] in contempt." [ECF No. 7, p. 1]. It explains that:

3

the original litigation, *Historic St. Peter African Methodist Episcopal Church, Incorporated d/b/a St. Peter A.M.E. Church v. Atain Specialty Insurance Company*, No. 2:23-cv-3927, has been pending with the U.S. District Court for the Eastern District of Louisiana since August 21, 2023 and involves a claim and subsequent lawsuit for damages sustained as a result of Hurricane Ida on August 29, 2021. The case was also originally under the Eastern District of Louisiana's Hurricane Ida Case Management Order and Streamlined Settlement Program, where the parties attempted to resolve the matter at mediation but failed. As a result, the case was returned to the active docket where Atain finds itself in need of documents that nonparty Pay My Claim LLC is in possession of.

*Id.* at 2.

Plaintiff argues that exceptional circumstances are present here because:

the potential for inconsistent rulings between two districts, as is the case here with the Southern District of Florida and the Eastern District of Louisiana should be avoided. The court in *Venus Med. Inc. v. Skin Cancer & Cosmetic Dermatology Ctr. PC*, 2016 WL 159952 [(D. Ariz. Jan. 14, 2016)] opined that the "potential for inconsistent rulings should be avoided and weighs in favor of a single judicial officer deciding all of [the] disputes"; *see also Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 (D.D.C. 2014).

*Id.* Thus, Plaintiff maintains that "judicial efficiency and consistency both support the conclusion that the exceptional circumstances that exist here – the duration of pendency for the Eastern District case, its familiarity with Hurricane Ida litigation, the nature of the issues and the case complexity itself – warrant transfer to the Eastern District of Louisiana." *Id.*

Plaintiff's generalized assertion of a potential for inconsistent rulings is insufficient to carry its burden. Nor does Plaintiff endeavor to explain the purported "complex issues relating to both this motion and [its] motion to compel," leaving it instead for the Court to either scour the record in the original litigation or set it for hearing. *See id.* at 1 ("Due to the

complex issues relating to both this motion and Atain's motion to compel, Atain believes a hearing could assist in addressing any questions or concerns that the Court may have.").

Atain's one-*sentence* suggestion that a hearing "could" be helpful also fails to comply with Local Rule 7.1(b)(2) which states:

> A party who desires oral argument or a hearing of any motion shall request it within the motion or opposing memorandum in a separate section titled "request for hearing." **The request shall set forth in detail the reasons why a hearing is desired and would be helpful to the Court** and shall estimate the time required for argument.

S.D. Fla. L.R. 7.1(b)(2) (emphasis added).

Based on these scant, under-developed arguments, Plaintiff fails to carry its burden of demonstrating that exceptional circumstances are present here. *See*, *e.g.*, *Keller v. Synchrony Bank*, No. 2:24-MC-00648-HCN-JCB, 2024 WL 4416760, at *2 (D. Utah Oct. 4, 2024) (denying motion to transfer where movant "fail[ed] to meet his burden of showing exceptional circumstances to warrant transfer of his motion to compel to the District of Minnesota under Rule 45(f)").

Moreover, the Undersigned notes that both the Motion to Compel and the Motion to Transfer state that copies of the motions "ha[ve] been furnished to the following, via electronic mail and the ECF Portal" [ECF Nos. 1, p. 6; 7, p. 3] but do not list any recipients. Thus, the Undersigned is uncertain whether Pay My Claim, LLC is even aware of the instant motion (or the motion to compel).[1]

---

[1]     Atain has filed a return of service reflecting that Pay My Claim, LLC was served with a copy of the subpoena. [ECF No. 7-1, p. 1].

The instant motion should also be **denied** because it does not include a Local Rule 7.1 conferral certification. *See Muzaffarr v. Ross Dress for Less, Inc.*, 941 F. Supp. 2d 1373, 1376 (S.D. Fla. 2013) (failure to confer is grounds to deny a motion). To be sure, Pay My Claim, LLC has not filed an appearance in this case. But as noted above, it is unclear whether it is even aware of this miscellaneous action.

Moreover, Local Rule 7.1 requires the movant to "confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with **all parties or non-parties** who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion." S.D. Fla. L.R. 7.1(a)(3) (emphasis added). It appears to the Undersigned (unless Atain explains otherwise) that the Historic St. Peter African Methodist Episcopal Church (the other party in the action pending before the Eastern District of Louisiana) qualifies as a non-party (to the instant miscellaneous action) "who may be affected by the relief sought." *Id.*

## III.   Conclusion

For the reasons stated above, the Undersigned **respectfully recommends** that Judge Gayles **deny without prejudice** Plaintiff's motion to transfer this matter to the Eastern District of Louisiana. The Court should also require that any re-filed motion discuss what steps (*i.e.*, times, dates, and means) Atain has taken to notify Pay My Claim, LLC of the instant motion (and this action) and include a proper Rule 7.1 conferral certification with all parties and non-parties who may be affected by the relief requested.

### IV.   Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the United States District Judge. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on October 20, 2024.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies Furnished to:**
The Honorable Darrin P. Gayles
All Counsel of Record